UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRISANTO C. OXONIAN, et al.,

    Plaintiffs,
v.                                            Case No.: 8:24-CV-1351-MSS-AAS

GEICO GENERAL
INSURANCE COMPANY,

    Defendant.
_____/

## PLAINTIFFS' MOTION TO ALTER OR AMEND

Plaintiffs, CRISANTO C. OXONIAN, as Personal Representative of the ESTATE OF MARIA I. OXONIAN, Deceased, CRISANTO C. OXONIAN, individually, CRISTIAN OXONIAN, and KRISTEN OXONIAN, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 59(e), file this Motion to Alter or Amend the Order and Judgment (Doc. 38) of this Court granting Defendant's Motion for Judgment on the Pleadings (Doc. 19).  In support thereof, Plaintiffs state as follows:

## INTRODUCTION

On January 3, 2025, this Court granted Defendant's Motion for Judgment on the Pleadings, and determined that Plaintiffs' claim is barred by the 2023 amendment to Florida Statute section 624.155 ("HB 837"). Specifically, this Court

accepted GEICO's argument that it was entitled to immunity under the new version of section 624.155(4)(a).

Respectfully, Plaintiffs request that this Court alter or amend its judgment, based on two manifest errors of law or fact. See generally *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

## I. THIS COURT SHOULD ALTER OR AMEND THE JUDGMENT BECAUSE IT IMPROPERLY IMPAIRS A RIGHT UNDER A CONTRACT IN EFFECT BEFORE THE EFFECTIVE DATE OF HB 837.

This Court accepted GEICO's argument that HB 837 applies because Plaintiffs did not obtain judgments against GEICO's insureds (and therefore the bad faith cause of action did not accrue) until after the effective date of the amendment. It is true, but irrelevant, that the bad faith cause of action did not accrue until Plaintiffs obtained judgments against GEICO's insureds. This fact would be controlling under a usual prospective/retroactive analysis. However, the usual analysis does not apply here because section 29 of HB 237 specifies a different rule:

> section 29. This act shall not be construed to impair any right under an insurance contract in effect on or before the effective date of this act. To the extent that this act affects a right under an insurance contract, this act applies to an insurance contract issued or renewed after the effective date of this act [March 24, 2023].

Section 29 defines the application of HB 837 in terms of when the relevant insurance contract was in effect, not when the cause of action accrued. GEICO

admitted in its Answer and Defenses that the relevant contract was the one in effect on the date of the 2006 accident, with an effective period from November 11, 2006 to May 11, 2007.  (Doc. 12, P.2).  Therefore, the pleadings establish that the relevant insurance contract was "in effect [] before the effective date of" HB 837 and was not "issued or renewed" after the effective date.  Under section 29, HB 837 does not apply.

Section 29 is a very specific and somewhat unusual provision. Section 29 must mean something different than the normal rule that statutory amendments apply to causes of action accruing after their effective date. Had the Florida Legislature intended HB 837 to apply as GEICO urges, there would have been no need for section 29 and certainly no need to refer to when the insurance contract was issued or renewed.  Respectfully, this Court's order and GEICO's argument fail to give effect to section 29.

In fact, a clear example of the language the Florida Legislature uses when it does intend a statutory amendment to apply to causes of action accruing after the effective date is found in the immediately preceding section of HB 837: section 28 states that certain *other* amendments made by HB 837 "apply to causes of action accruing after the effective date of this act."  Section 28 does not apply to the section 624.155 amendments and does not apply to the claims at issue in this case.

It is a manifest error of law to apply section 28's applicability rule instead of section 29.

GEICO's Motion for Judgment on the Pleadings is based entirely on the argument that HB 837 applies to causes of action accruing after the effective date of the act, regardless of when the relevant insurance contract was issued or delivered. This is directly contrary to section 29 and renders section 29 meaningless.

Plaintiffs respectfully request that this Court alter or amend its judgment in favor of GEICO, and vacate the order granting GEICO's judgment on the pleadings.

## II. THIS COURT SHOULD ALTER OR AMEND THE JUDGMENT BECAUSE GEICO HAD TWO INSUREDS AND GEICO TENDERED ITS LIMITS ONLY ON BEHALF OF ONE INSURED.

Plaintiffs' complaint alleged that GEICO had two insureds: the driver Jessica Wicky and the vehicle owner William Strickland, that GEICO owed a duty of good faith to both insureds, and that GEICO acted in bad faith as to both insureds. (Doc. 1-1, P. 7-8, 9-10). GEICO admitted that both Ms. Wicky and Mr. Strickland were insured under its policy for the Oxonian accident, and that it undertook to handle the claim on behalf of both insureds. (Doc.12, P. 3).

GEICO's Motion for Judgment on the Pleadings is based on its claim that it is entitled to immunity under HB 837 because it tendered its policy limits. (Doc.

12, P. 8; Doc.).  However, as evidenced by the check and proposed release tendered by GEICO and filed as exhibits to GEICO's Answer and Defenses, GEICO's tender was made on behalf of only one of the two insureds (the driver, Ms. Wicky). (Doc. 12-1, P. 1, 2; Doc. 13-1, P. 2, 3).

GEICO did not tender its limits on behalf of its other insured, Mr. Strickland.  Therefore, even accepting GEICO's arguments regarding the application of HB 837, it is not entitled to judgment as a matter of law.

At a minimum, this Court should alter or amend the judgment to limit GEICO's immunity to the bad faith arising out of the claim against Ms. Wicky. Even assuming the new version of section 624.155 applies, there is no basis on the pleadings to find that GEICO triggered the statutory immunity as to its other insured, Mr. Strickland.

<u>Dated</u>:  January 28, 2025

Respectfully submitted,

<u>/s/ Lee D. Gunn IV</u>
Lee D. Gunn IV, Esq.
Florida Bar No.  367192
lgunn@gunnlawgroup.com
L. Delton Gunn V, Esq.
Florida Bar No.:  1038889
dgunn@gunnlawgroup.com
efile@gunnlawgroup.com
**GUNN LAW GROUP, P.A.**
401 East Jackson Street, Suite 3600
Tampa, FL 33602
(813) 228-7070 TELEPHONE
(813) 228-9400 FACSIMILE
***Counsel for Plaintiffs***

## **LOCAL RULE 3.01(g) CERTIFICATE**

Undersigned counsel hereby certifies that he has conferred with counsel for GEICO via email correspondence on January 27, 2025, and they oppose the relief sought herein.

## **CERTIFICATE OF SERVICE**

I certify that on this 28th day of January, 2028, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court through the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Lee D. Gunn IV*
Lee D. Gunn IV, Esq.