UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRISANTO C. OXONIAN, et al.,

    Plaintiffs,
v.                                                 Case No.: 8:24-CV-1351-MSS-AAS

GEICO GENERAL
INSURANCE COMPANY,

    Defendant.
_____/

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs, CRISANTO C. OXONIAN, as Personal Representative of the ESTATE OF MARIA I. OXONIAN, Deceased, CRISANTO C. OXONIAN, individually, CRISTIAN OXONIAN, and KRISTEN OXONIAN, by and through undersigned counsel, and in accordance with Rule 3.01(i), Local Rules of the Federal District Court, Middle District of Florida (2025), does hereby provide notice of supplemental authority in support of his Motion to Alter or Amend Judgment (Dkt. 40), and Plaintiff's Response in Opposition to Defendant's Motion for Judgment on the Pleadings (Dkt. 19):

    1.    *Vo v. Scottsdale Ins. Co.*, --- So.3d ---- 2025 WL 611505 (1st DCA 2025) decided February 26, 2025.

    2.    This case supplements the issue of retroactive application of the 2023 legislative changes to Florida's duty of good faith in the adjustment of liability

claims, as addressed by Plaintiff's Motion to Alter or Amend Judgment (Dkt. 40) at page 2, line 6 to page 3, line 13; and, Plaintiff's Response in Opposition to Defendant's Motion for Judgment on the Pleadings (Dkt.10) at page 3, lines 1 to 22.

3. In *Vo*, the Florida Appellate Court reversed the dismissal of a suit for extracontractual damages. The court held that the trial court erred by applying a 2022 legislatively enacted prerequisite to a statutory bad faith action based upon a Civil Remedy Notice perfecting the bad faith claim before its enactment. *Id*. at 1. Quoting from the opinion:

In *Menendez* [*Menendez v. Progressive Exp. Ins. Co.,* 35 So.3d 873, 877 (Fla. 2010)], the Supreme Court applied a two-part test to determine whether a statutory presuit notice provision should be applied retroactively:

**First, the Court must ascertain whether the Legislature intended for the statute to apply retroactively.** Second, if such an intent is clearly expressed, the Court must determine whether retroactive application would violate any constitutional principles. *See Metro. Dade County v. Chase Fed. Hous. Corp.,* 737 So. 2d 494, 499 (Fla.1999).

... [E]ven where the Legislature has expressly stated that a statute will have retroactive application, this Court will reject such an application if the statute impairs a vested right, creates a new obligation, or imposes a new penalty. *See State Farm Mut. Auto. Ins. Co. v. Laforet,* 658 So. 2d 55, 61 (Fla.1995). Therefore, the central

focus of this Court's inquiry is whether retroactive application of the statute "attaches new legal consequences to events completed before its enactment." *Metro. Dade County,* 737 So. 2d at 499 (quoting *Landgraf v. USI Film Prods.,* 511 U.S. 244, 270, 114 S. Ct. 1483, 128 L.Ed.2d 229 (1994)).

(emphasis supplied).  *Id.* at 2.

|  |  |
|---|---|
| Dated:  March 3, 2025 | Respectfully submitted, |
|  | */s/ Lee D. Gunn IV*<br>Lee D. Gunn IV, Esq.<br>Florida Bar No.  367192<br>lgunn@gunnlawgroup.com<br>L. Delton Gunn V, Esq.<br>Florida Bar No.:  1038889<br>dgunn@gunnlawgroup.com<br>efile@gunnlawgroup.com<br>**GUNN LAW GROUP, P.A.**<br>401 East Jackson Street, Suite 3600<br>Tampa, FL 33602<br>(813) 228-7070 TELEPHONE<br>(813) 228-9400 FACSIMILE<br>***Counsel for Plaintiff*** |

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of March, 2025, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court through the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Lee D. Gunn IV*
Lee D. Gunn IV, Esq.